IN THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4339

UNITED STATES OF AMERICA,

*Appellee*,

v.

CHRISTOPHER WILLIAM KUEHNER,

*Appellant*.

Appeal from the United States District Court
for the Eastern District of Virginia
at Alexandria
*The Honorable Leonie M. Brinkema, District Judge*

SUPPLEMENTAL BRIEF OF THE UNITED STATES

| | |
|---|---|
| Jessica D. Aber<br>United States Attorney | Seth M. Schlessinger<br>Assistant United States Attorney<br>2100 Jamieson Avenue<br>Alexandria, Virginia 22314<br>(703) 299-3700 |

*Attorneys for the United States of America*

## Table of Contents

Page

Table of Authorities ................................................................................................. ii

Argument....................................................................................................................1

I.      Section 2252A(g)(2) permits consideration of the entire "series of felony violations" cumulatively to determine whether more than one victim is involved in a child exploitation enterprise. .......................................2

II.     Substantial evidence established that Kuehner engaged in a child exploitation enterprise involving more than one victim.................................7

Certificate of Compliance .......................................................................................12

# Table of Authorities

**Cases**  **Page(s)**

*In re Chapman*, 166 U.S. 661, 667 (1897) ...................................................................7

*Jones v. Hendrix*, 599 U.S. 465, 480 (2023)................................................................7

*Short v. Hartman*, 87 F.4th 593, 615 (4th Cir. 2023) ..................................................2

*United States v. Bryant*, 949 F.3d 168, 174-75 (4th Cir. 2020)..................................5

*United States v. Carthorne*, 726 F.3d 503, 516 (4th Cir. 2013) .................................2

*United States v. Daniels*, 653 F.3d 399, 412 (6th Cir. 2011) .....................................4

*United States v. Davis*, 53 F.3d 638, 642 (4th Cir. 1995)...........................................7

*United States v. El-Battouty*, 38 F.4th 327, 329 (3d Cir. 2022) .................................4

*United States v. Grovo*, 826 F.3d 1207, 1215 (9th Cir. 2016)....................................4

*United States v. Hayes*, 555 U.S. 415, 427 (2009) .....................................................5

*United States v. Roper*, 462 F.3d 336, 338 (4th Cir. 2006) .......................................3

*United States v. Staten*, 666 F.3d 154, 161 (4th Cir. 2011).......................................5

*United States v. Wayda*, 966 F.3d 294, 303 (4th Cir. 2020).................................2, 3

**Statutes**

18 U.S.C. § 2252A(g)(2)...............................................................................................1

Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248, 120 Stat. 587, § 701 ...........................................................................................5

**Argument**

Christopher Kuehner was found guilty at a bench trial of one count of engaging in a child exploitation enterprise, in violation of 18 U.S.C. § 2252A(g)(2). Section 2252A defines a child exploitation enterprise as follows:

> A person engages in a child exploitation enterprise for the purposes of this section if the person violates section 1591, section 1201 if the victim is a minor, or chapter 109A (involving a minor victim), 110 (except for sections 2257 and 2257A), or 117 (involving a minor victim), as a part of a series of felony violations constituting three or more separate incidents and involving more than one victim, and commits those offenses in concert with three or more other persons.

18 U.S.C. § 2252A(g)(2). The Court ordered the parties to file supplemental briefs addressing the following question:

> In determining whether more than one victim was involved in the series of felony violations does 18 U.S.C. § 2252A(g)(2) allow the predicate violations to be considered in combination? Additionally, please address whether this element is satisfied.

Doc. No. 47 at 1.

The text, structure, and purpose of the statute confirm that the government can prove that the child exploitation enterprise involved "more than one victim" by proving that the entire "series of felony violations" involved more than one victim. Because the government adduced substantial evidence at trial that Kuehner's predicate violations involved multiple victims, the government proved this element

1

beyond a reasonable doubt.[1]

## I. Section 2252A(g)(2) permits consideration of the entire "series of felony violations" cumulatively to determine whether more than one victim is involved in a child exploitation enterprise.

In determining whether a child exploitation enterprise involved "more than one victim," the factfinder can consider the entire series of predicate felony violations. That is the only interpretation consistent with the statute's text, with the unanimous weight of authority interpreting related provisions in the statute, with Congress' unambiguous intent in enacting the provision, and with the principle that courts will not interpret statutes in a manner that leads to absurd results.

When engaging in statutory construction, this Court begins "with the plain language of the statute because when the statute's language is plain, the sole function of the courts -- at least where the disposition required by the text is not absurd -- is to enforce it according to its terms." *United States v. Wayda*, 966 F.3d

---

[1] Kuehner never challenged the statutory interpretation or the sufficiency of the evidence on the requirement that the enterprise involved more than one victim, either in the district court or in his briefing before this Court. The argument is therefore waived. *See Short v. Hartman*, 87 F.4th 593, 615 (4th Cir. 2023) ("A party waives an argument by failing to present it in its opening brief or by failing to develop its argument—even if its brief takes a passing shot at the issue.") (internal quotation marks omitted). And even if these issues are merely forfeited, Kuehner cannot demonstrate that any error is plain. *See United States v. Carthorne*, 726 F.3d 503, 516 (4th Cir. 2013) ("An error is plain if the settled law of the Supreme Court or this circuit establishes that an error has occurred.") (internal quotation marks omitted).

2

294, 303 (4th Cir. 2020) (internal quotations omitted).  And the language of § 2252A(g)(2) is indeed plain: it requires that a defendant have committed one of several enumerated felony violations "as a part of a series of felony violations constituting three or more separate incidents and involving more than one victim." Under the plain language of the statute, the phrases "constituting three or more separate incidents" and "involving more than one victim" modify "a *series* of felony violations."  In other words, "involving more than one victim" is one of two required characteristics of the *series of felony violations* – not of each individual felony violation.  Accordingly, it is the entire series of felony violations that must be evaluated to determine whether more than one victim is involved.

It certainly would have been easy enough, had Congress intended otherwise, to instead define engaging in a child exploitation enterprise as participation in "a series of felony violations constituting three or more separate incidents, *each* involving more than one victim."  But Congress did not do so.  This Court should give effect to the statute's unambiguous language and hold that the "more than one victim" requirement applies to the series of felony violations collectively.  *See, e.g.*, *United States v. Roper*, 462 F.3d 336, 338 (4th Cir. 2006) (noting that "[w]hen called to interpret federal statutes, courts indulge a strong presumption that Congress expresses its intent through the language it chooses.") (internal quotations omitted).

3

Additional guidance is provided by those Courts of Appeals that have examined the related statutory requirement that the predicate violations be committed "in concert with three or more other persons." These courts have unanimously concluded that "the required total of three other persons may be tallied by considering the predicate counts together." *United States v. Daniels*, 653 F.3d 399, 412 (6th Cir. 2011); *see also United States v. El-Battouty*, 38 F.4th 327, 329 (3d Cir. 2022); *United States v. Grovo*, 826 F.3d 1207, 1215 (9th Cir. 2016) (both quoting *Daniels*). Each court relied on the text of the statute, which makes clear that the "in concert with three or more other persons" requirement pertains to the series of felony violations as a whole. *See, e.g.*, *Grovo*, 826 F.3d at 1215 ("The statute proscribes committing 'a series of felony violations' and then says the defendant must 'commit those offenses'—not 'each offense'—'in concert with three or more other persons.' The 'in concert' requirement is therefore best read as referring to the 'series' of predicate felonies, rather than each offense individually.") (internal alterations and citations omitted). This logic applies with even greater force to the multiple-victim requirement, which the statute's linguistic structure makes even clearer is a required characteristic of the series of felony violations, rather than of each individual felony violation.

An interpretation of the multiple-victim requirement that applies the requirement to each felony violation is also impossible to square with Congress'

4

clearly-expressed intent in enacting § 2252A(g). Courts interpreting federal statutes may, in appropriate circumstances, consider Congress' "manifest purpose" in having enacted such statutes. *See United States v. Staten*, 666 F.3d 154, 161 (4th Cir. 2011) (citing *United States v. Hayes*, 555 U.S. 415, 427 (2009)); *see also United States v. Bryant*, 949 F.3d 168, 174-75 (4th Cir. 2020) (observing that a federal statute is not to be construed "in a vacuum," but rather "with reference to its history and purpose as well").

In enacting the Adam Walsh Child Protection and Safety Act of 2006, Section 701 of which established § 2252A(g),[2] Congress made plain that its intent was to establish "the best means possible to protect our Nation's most precious national resource: our children." 152 Cong. Rec. S7894, S7897 (statement of Sen. Hatch). *See also* 152 Cong. Rec. H5705, H5723 (statement of Rep. Sensenbrenner) (noting purpose of newly-created § 2252A(g) was "to better protect America's children against the growing threat of online sexual predators"). It simply beggars belief that a Congress so clearly motivated by the desire to protect children would nonetheless have enacted a provision failing to establish liability for large-scale child exploitation groups no matter how cruel or sadistic the participants' underlying acts, no matter how coordinated or organized were the

---

[2] Pub. L. 109-248, 120 Stat. 587, § 701 (2006).

5

abusers, no matter the number of involved perpetrators, and even no matter the number of children victims – so long as the minor victims were exploited individually rather than in groups of two or larger.  An interpretation of the statute that fails to encompass precisely those situations in which child victims of sexual exploitation are confronted and abused *alone* by large groups of perpetrators acting in concert with each other is obviously contrary to Congress' clear intent, and should not be adopted.

     Moreover, the contrary interpretation would have bizarre and implausible consequences for the interpretation of other portions of the statute.  If the statute required proof that each predicate felony violation "involv[ed] more than one victim," then the same reading would apply to the parallel phrase "constituting three or more separate incidents."  Yet it would be incoherent for Congress to have required proof that each felony violation "constitute[d] three or more separate incidents."  In turn, this would unavoidably raise further interpretive riddles, including leaving unclear the number of felony violations that must be proved in order to constitute a "series" (if three is instead held to be the minimum number of incidents comprising only a single predicate violation); as well as whether the multiple-victim requirement, now held to apply to each individual felony violation, may be satisfied by proving that multiple victims were involved in all of a

6

particular violation's constituent incidents collectively, or only by proof that multiple victims were involved in each individual subsidiary incident.

The Supreme Court and this Court have long resisted proposed interpretations of statutes leading to nonsensical results. "[I]n statutory interpretation, 'nothing is better settled than that statutes should receive a sensible construction, such as will effectuate the legislative intention, and, if possible, so as to avoid an unjust or an absurd conclusion.'" *United States v. Davis*, 53 F.3d 638, 642 (4th Cir. 1995) (quoting *In re Chapman*, 166 U.S. 661, 667 (1897)); *see also, e.g.*, *Jones v. Hendrix*, 599 U.S. 465, 480 (2023) (reasoning that "[t]he illogical results of applying such an interpretation . . . argue strongly against the conclusion that Congress intended these results") (internal quotation marks omitted). Here, the statute's plain language is clear. The only sensible reading of the statute is that the factfinder can consider the entire "series of felony violations" in determining whether the violations "involv[ed] more than one victim."

## II. Substantial evidence established that Kuehner engaged in a child exploitation enterprise involving more than one victim.

Overwhelming evidence was admitted at trial demonstrating that more than one victim was involved in the series of felony violations in which the appellant participated, more than sufficient to establish his guilt under 18 U.S.C. § 2252A(g). Three minor victims, each of whom was personally the victim of a predicate felony violation committed by appellant in the course of his participation in the child

7

exploitation enterprise, testified at trial. These included children who went by the Rapey.su website usernames "Bananacabana," JA171-184; "pastel," JA185-200, and "yoonji," JA201-213.

The evidence established that appellant directed "Bananacabana," who was then 14 years old, to create videos of herself masturbating for him. JA102, SA34. The minor victim did as Kuehner directed, and posted the resulting CSAM videos with an acknowledgment that she had done so "for @nechris" (that is, for appellant). JA103-104, SA38. Appellant responded to this minor with appreciation, and later, in a different conversation with multiple other members of Rapey.su, Kuehner stated: "I told Banana that many of us want to see more. She asked to see more what. I said pussy. That's why she posted that video and tagged me." JA104, JA108, SA41.

The trial testimony of "pastel," who was sixteen years old at the time of the offense alleged in the indictment, established that in addition to having been active on the Rapey.su website, appellant was also present in a separate Discord server where several adult and minor website users congregated, and that appellant was one of the adult members of that server who requested images of minor users' genitalia. JA194. "Pastel" further testified that an "unspoken hierarchy" existed within that Discord server and observed that appellant occupied a "commanding position" in that hierarchy. JA193. She further testified that Kuehner would send

8

her pictures of his own genitals that she understood were intended to represent his reaction to a conversation or to pictures that "Pastel" had sent him. JA196.

"Yoonji," who was 17 years old at the time of the events described in the indictment, detailed appellant's persistent effort to cause her to record a video of herself urinating and transmit it to him, including appellant's repeated efforts to recruit other Rapey.su users to join him in the pressure campaign. JA114-116; SA50.

The trial testimony of these three minor victims alone easily demonstrates that more than one victim was involved in the series of predicate felony violations. Nevertheless, the evidence admitted at trial went substantially farther, proving the involvement of numerous additional minor victims as well, including user "lil_lainey2.0," a self-described "tween" who posted videos of herself masturbating in response to appellant's request, JA109-110, SA68; 15-year-old user "Lilith," to whom appellant gave eager advice about how to photograph herself masturbating, JA120; 15-year-old user "skinny.freakkkk," who appellant encouraged to record herself engaging in sexual activity with her boyfriend (who was represented to appellant also to be a minor), because a site post containing as much "will be top posts up on here," SA88; and another user of the site, 14 years old, as to whom appellant joined with Nathan Larson (the administrator or

9

Rapey.su) to demand the creation and transmission of another sexually explicit video, JA112, SA44.

Evidence presented at trial further included, as to the latter three minor victims, testimony of law enforcement officers who confirmed the victims' existence and their ages, including through those minor victims' birth certificates. JA253-260 (user "skinny.freakkkk"); JA261-267 (the last-mentioned user in the previous paragraph); and JA268-274 (user "Lilith").

Finally, additional evidence was presented at trial establishing the defendant's commission of predicate violations with respect to yet additional minor victims. For example, with respect to user "lolicorn," after acknowledging his understanding that she was 11 years old, appellant wrote, in response to another user's suggestion that "lolicorn" was not sufficiently responsive to other site members: "Damn, just a lil' tease." JA130, SA95. Appellant also offered to engage in sexual activity with user "mang.oh," who had described herself as 16 years old, writing: "If you are into older guys with dad bod… Let me know. My god woman." JA131, SA97.

In sum, far more than sufficient evidence was adduced at trial to prove that the series of felony violations in which appellant participated involved more than one victim, as required to prove appellant guilty of the offense of engaging in a child exploitation enterprise.

10

Respectfully submitted,

Jessica D. Aber
United States Attorney

/s/
───────────────────────
Seth M. Schlessinger
Assistant United States Attorney

11

## Certificate of Compliance

I certify that this brief was written using 14-point Times New Roman typeface and Microsoft Word 2016.

I further certify that this brief does not exceed ten pages, excluding the table of contents, table of authorities, signature block, and this certificate.

I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions.

                                        /s/

                                Seth M. Schlessinger
                                Assistant United States Attorney